IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :

    v. : Criminal Case No. DKC 14-0126

AMBAKISYE M. BURRELL :

**MEMORANDUM OPINION AND ORDER**

On August 19, 2013, Appellant Ambakisye M. Burrell pulled his car to a stop on the shoulder of the Baltimore/Washington Parkway behind United States Park Police Officer Kyle Kefer, who had stopped his police cruiser to investigate a disabled vehicle. After essentially taunting the officer, Appellant peeled away, weaving through traffic at a high rate of speed. Officer Kefer pursued in his vehicle, with his emergency signals activated, for approximately three miles, but was advised by his shift commander to terminate the chase when Appellant's vehicle exited the Parkway. After running a check of the vehicle registration, Officer Kefer swore out a criminal complaint and Appellant was subsequently arrested.

He appeared before United States Magistrate Judge William Connelly for a detention hearing on February 7, 2014. Judge Connelly ordered that Appellant be detained pending satisfaction of various conditions of release. Appellant failed to satisfy

those conditions; consequently, he remained in detention from on or about February 24 until his trial date.

The case proceeded to a bench trial on March 10, 2014, before United States Magistrate Judge Thomas M. DiGirolamo. The sole witness at trial was Officer Kefer. After hearing the evidence and closing argument, Judge DiGirolamo found Appellant guilty of unsafe operation of a motor vehicle, in violation of 36 C.F.R. § 4.22(c); speeding, in violation of 36 C.F.R. § 4.21(c); failure to maintain lane, in violation of Md. Code Ann., Transp. § 21-309; and fleeing to elude, in violation of Md. Code Ann., Transp. § 21-904(b).

At sentencing, the government sought a term of imprisonment of six months, citing the inherent danger posed by Appellant's conduct, the fact that he was "completely unresponsive . . . and threaten[ed] [] the police officer," and the fact that he had a pending marijuana possession case in Anne Arundel County, Maryland. (ECF No. 5, at 36). Counsel for the government further suggested that Appellant was not "a candidate for probation." (*Id.*). Defense counsel argued that because Appellant had been "in a local jail in Baltimore City, basically a super-max," since February 24, his sentence was already "lengthy and onerous compared to similar conduct in this [c]ourt." (*Id.* at 36). Further noting that Appellant had no prior convictions, counsel "ask[ed] that the [c]ourt give him

the jail sentence that he has already served[.]" (*Id*. at 37). Judge DiGirolamo orally pronounced Appellant's sentence as follows:

> I have found you guilty of four offenses. Certainly the fleeing to elude is the most serious of the offenses. Any time you are driving at high speeds down a two-lane highway, weaving in and out, being chased by an officer, clearly that is dangerous.
>
> Now what I am going to do, I am going to impose a sentence on each of the four counts and this is going to be counts two, three, six and eight. It is going to be 90 days concurrent on all counts. I think maybe a month is fine, but I think some more is called for here, but it will be 90 days concurrent on each count.

(*Id*. at 38-39).

Appellant noted the instant appeal four days later. (ECF No. 1). On April 10, he filed his appellate brief, arguing that his sentence must be vacated as procedurally unreasonable because the court failed adequately to explain its reasons for imposing the sentence it chose, as required pursuant to 18 U.S.C. § 3553(c). (ECF No. 6). The government responded on April 16, "conced[ing] that the court below did not comply with the requirements of 18 U.S.C. § 3553[(c)] in articulating the reasons for imposing sentence" and agreeing with Appellant that the case should be remanded for resentencing. (ECF No. 7).

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of

3

conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." In reviewing the reasonableness of a sentence, the court applies a "deferential abuse-of-discretion" standard of review. *United States v. Carter*, 564 F.3d 325,328 (4th Cir. 2009) (internal marks and citation omitted).

"A sentence may be procedurally unreasonable . . . if the [sentencing] court provides an inadequate statement of reasons or fails to make a necessary factual finding." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruled in part on other grounds by Gall v. United States*, 552 U.S. 38 (2007), and *Rita v. United States*, 551 U.S. 338 (2007), as recognized in *United States v. Diosdado-Star*, 630 F.3d 359, 363-67 (4th Cir. 2011). "When rendering a sentence, the [] court 'must make an individualized assessment based on the facts presented.' That is, the sentencing court must apply the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case before it." *Carter*, 564 F.3d at 328 (emphasis removed; internal citation omitted) (quoting *Gall*, 552 U.S. at 50). While a sentencing court need not "robotically tick through § 3553(a)'s

4

every subsection," it must provide a statement of reasons sufficient to allow a reviewing court "to effectively review the reasonableness of the sentence." *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal marks omitted).

Here, the record reflects that the court failed sufficiently to articulate a statement of reasons for the sentence imposed. While it may be reasonably inferred that the court did not believe pre-trial time served was sufficient, there is no indication as to why it believed a ninety-day sentence was warranted, particularly when it stated that "maybe a month is fine." (ECF No. 5, at 39). Consequently, this court cannot assess the reasonableness of the sentence and vacatur and remand is necessary.

ACCORDINGLY, it is this 17th day of April, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. The judgment against Appellant Ambakisye M. Burrell entered by United States Magistrate Judge Thomas M. DiGirolamo on March 10, 2014, BE, and the same hereby IS VACATED and the case is REMANDED to Judge DiGirolamo for further proceedings consistent with this Memorandum Opinion and Order; and

5

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties and to CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge